## No. 1635.—MARTIN JONES *v.* JACOB WORLEY, et als.

Plaintiff had leased the bar on the steamboat T. D. Hine for one year, from the agent of the owner; before the expiration of the lease the boat was purchased by the Captain (Worley), who forcibly ejected the lessee from the bar and put him off the boat. He brings suit against the former owner, the former master, and the present owner and master, to recover the damages he had sustained, alleging a conspiracy between these parties to gain possession of the bar. The last owner of the boat pleaded the exception of domicile, which was sustained by the court below, and the suit dismissed as to him. Held—that, the warranty by the vendor only extended to eviction, and could not be extended by the court so as to cover a case of assault and battery; that a conspiracy not being established by the evidence, and the last vendor and present owner of the boat not being before the court in this suit, plaintiff's demand for damages in this suit must fail.

APPEAL from the Fourth District Court of New Orleans. *Théard, J. Campbell, Spofford & Campbell,* and *Collens & Wooldridge,* for plaintiff; and appellant *Emerson & Grow, Randolph, Singleton & Hardee,* and *Marr & Foute,* for defendants and appellees.

HOWE, J. On the twenty-sixth of August, 1865, Mrs. Mary G. Knorr purchased the steamboat T. D. Hine, and A. J. Parmele was appointed master. On the twenty-eighth of October, 1865, Mrs. Knorr, by notarial act constituted J. R. Shannon her agent with full powers. On the twenty-eighth of October, 1865, while the boat lay in her home port undergoing repairs, Parmele claiming still to be the master, made a lease of the bar room of the boat to William Guion for twelve months, running time, at one hundred dollars per month. Guion transferred his rights to other parties who in turn assigned the lease

to the plaintiff. On the fourteenth of November, 1865, the repairs being completed, Jacob Worley was made master of the boat. On the eighth of January, 1866, the T. D. Hine commenced a trip to Jefferson, Texas, and the plaintiff went on her in charge of the bar. Upon the return of the vessel and on the twenty-fifth of January, 1866, she was sold to Jacob Worley, and on the same day started on her second trip. When she had proceeded a short distance up the river the captain and owner, Worley, forcibly removed the plaintiff from the bar room and put him ashore.

The suit is brought against Mrs. Knorr, Worley, Shannon and Parmele, charging them with a conspiracy "to take said bar from petitioner and to expel him from said steamer," and damages are claimed composed of various items.

Worley pleaded to the jurisdiction of the court on the ground that his domicile was in the parish of Jefferson, and his exception was maintained. He is not before us. The case having been tried on the merits judgment was rendered in favor of the remaining defendants, and the plaintiff has appealed.

We do not think that the master of a vessel in the home port, the owner being present, has any authority in law to make a lease of the kind described, nor does the evidence establish a custom in this respect, so uniform, notorious and reasonable as in itself to validate this lease. But it seems that at the time the lease was made Parmele had not been removed by any overt act or declaration of the owner from his position as master, and would probably be deemed to continue to hold that character. 3 Sumner, 145.

He states that at the time the lease was executed he made Mr. Shannon and Mrs. Knorr aware of the lease and they made no objection to it; and again, he adds that he informed captain Worley that he had leased the bar and "had raised some money by it and used the same to have the boat repaired," by which he perhaps meant that he had in reality raised money in this way and thus used it. Though there is some conflict of testimony on the point, we are satisfied that the lease was ratified by the owner about the time of its date.

But it by no means follows that the defendants now before us are liable in damages for the tortious acts of Worley. We find no sufficient evidence of the conspiracy alleged by plaintiff. Parmele had nothing to do with it, nor had Mrs. Knorr. Indeed the brief for plaintiff seems to limit the alleged conspiracy to Worley and Shannon. But it will hardly be contended that Shannon conspired in his capacity of agent; and there is no reasonable certainty that he conspired on his own account, or even had any motive so to do.

It is urged by the plaintiff that the sale of the boat to Worley on the twenty-fifth of January, 1866, was a mere simulation in furtherance of the conspiracy, and that this is shown by Shannon's statement

in his testimony that the boat was *leased* to Worley, but it appears that this leasing took place in November, 1865, and it was probably a charter party of some kind executed some time before the sale. In the absence of this conspiracy it is difficult to see how the plaintiff's claim can be maintained except against Worley. It is not necessary to characterize his conduct for he is not in court, but whatever may be his liability under the facts we cannot extend the warranty of Mrs. Knorr as lessor so as to cover the alleged violence of her vendee. She warranted against eviction, in the legal sense of that word, and not against assault, battery, or trespass of any kind on the part of Worley.

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs.

Rehearing refused.